UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENMY JONAS COLMENARES-PINTO,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY,

Respondent.

No.  1:26-cv-00812 DAD SCR

ORDER

Petitioner, an immigration detainee who is representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter has been referred to the undersigned by operation of 28 U.S.C. § 636 and Local Rule 302(c)(17).  Counsel for respondent has appeared.  ECF No. 5.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).  Petitioner has also filed a motion for the appointment of counsel.  ECF No. 3. In light of the complexity of the legal issues involved, the court has determined that the interests of justice require the appointment of counsel for petitioner.  See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Within seven days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and

1

send counsel's contact information to Shelly Her, Courtroom Deputy for Magistrate Judge Sean Riordan via email at sher@caed.uscourts.gov who shall update the docket to reflect counsel's appointment.  If counsel is not a member of the Eastern District of California Criminal Justice Act ("CJA") Panel, the court hereby authorizes them to serve as *pro hac vice* CJA counsel for petitioner for the duration of the proceedings in this court pursuant to Local Rule 180(b)(1) *nunc pro tunc* to the date the appointing authority first contacted counsel about this appointment.  If counsel is not admitted to practice before the Eastern District of California court, pursuant to 18 U.S.C. §§ 3005 and 3006A and this District's CJA Plan, General Order 671, § XV.C.1.g as applied here, the court hereby authorizes said counsel's *pro hac vice* admission to practice before this court for the duration of the proceedings, *nunc pro tunc* to the date the appointing authority first contacted counsel about this appointment.

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1]  Because petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondent will be served with the § 2241 petition and directed to show cause why the writ should not be granted by filing an answer/return.  See 28 U.S.C. § 2243.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

2.  Petitioner's motion to appoint counsel (ECF No. 3) is granted.

3.  Within seven days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to Shelly Her, Courtroom Deputy for Magistrate Judge Sean Riordan via email at sher@caed.uscourts.gov who shall update the docket to reflect counsel's appointment.

4.  The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention:  Habeas Appointment, along with a copy of the § 2241 petition.

---

[1]  Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

2

5.  Absent a stipulation by the parties to a different briefing schedule or further court order, respondent's answer/response to the § 2241 petition is due no later than 14 days from the date of this order.

6.  Petitioner's reply is due 7 days after being served with the answer.

7.  In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: February 3, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE