UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENMY JONAS COLMENARES-PINTO, | No.  1:26-cv-00812 DAD SCR |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, | |
| Respondent. | |

Petitioner is a federal immigration detainee proceeding through appointed counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I.      Factual and Procedural History**

Petitioner is a citizen of Venezuela who is currently detained at the Golden State Annex Detention Facility within this judicial district.  ECF No. 1 at 5-6.  Petitioner entered the U.S. through Miami, Florida, on March 29, 2021, as a nonimmigrant visitor with authorization to remain until September 28, 2021, but failed to depart by that date.  Declaration of Deportation Officer Alejandro Parra Jaimes ("Parra Jaimes Decl."), Exh. 1 (Form I-213), ECF No. 9 at 16.  On February 22, 2023, petitioner was arrested near San Antonio, Texas, for smuggling of persons under Texas Penal Code § 20.05 and released on bail.  Id., Exh. 2, ECF No. 9 at 19.  On October

1

20, 2023, Petitioner was indicted in Kimble County, Texas, on twelve counts of felony smuggling of persons.  Id., Exh. 3, ECF No. 9 at 27-30.  On November 6, 2025, petitioner pled guilty to all counts and received five years of probation.  Id., Exh. 4, ECF No. 9 at 32-34.

The Texas court allowed petitioner to comply with his probation in Florida where he resides with his wife and daughter.  ECF No. 1 at 6.  During a probation check-in appointment on December 5, 2025, ICE agents arrested petitioner and administratively charged him as inadmissible under two INA provisions: (1) 8 U.S.C. § 1227(a)(1)(B), remaining longer in the U.S. for a time longer than permitted; and (2) 8 U.S.C. § 1227(a)(1)(E)(i), that within five years of entry, he knowingly encouraged, induced, assisted, abetted, or aided any other noncitizen to enter or try to enter the U.S. in violation of law.  Parra Jaimes Decl., Exh. 8, ECF No. 9 at 45.

Petitioner filed the instant § 2241 petition on January 30, 2026, raising a single claim challenging his ongoing prolonged detention without a hearing under the Due Process Clause of the Fifth Amendment.  ECF No. 1 at 16-17.  Petitioner was transferred multiple times and alleges overcrowding and other bad conditions at "Alligator Alcatraz" and facilities in Florda, Texas, Arizona, Seattle, and now in California.  Id.  Petitioner states he missed two immigration court dates when ICE failed to take him to court.  Id.  By way of relief, petitioner requests the Court order his release or, in the alternative, direct respondent to schedule a hearing before an immigration judge ("IJ") where, to continue detention, the government must establish by clear and convincing evidence that petitioner presents a risk of flight or danger.  Id. at 17.

Respondent filed a return arguing that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c).  ECF No. 9 at 1-2.  Specifically, respondent claims petitioner's conviction falls under 8 U.S.C. § 1182(a)(2)(H),[1] which is one of the enumerated offenses eligible for mandatory detention under 8 U.S.C. § 1226(c)(1)(A).  Id. at 3.  Respondent asserts such detention is facially constitutional pursuant to Demore v. Kim, 538 U.S. 510, 531 (2003), and that an as-applied challenge must fail because (1) petitioner's detention is not prolonged, and (2) petitioner waived

---

[1] Section 1182(a)(2)(H) concerns "Significant traffickers in persons" and makes inadmissible any noncitizen "who commits or conspires to commit human trafficking offenses in the United States or outside the United States[.]"  8 U.S.C. § 1182(a)(2)(H)(i).

2

his right to challenge his custody redetermination after initially requesting a hearing. Id. at 5-6.

In light of the complexity of the legal issues involved, the undersigned appointed counsel to petitioner. ECF No. 7. In the counseled reply, petitioner provides a comprehensive overview of alleged recent "institutional lapses" in the immigration court system that he maintains warrant his immediate release or a bond hearing under 8 U.S.C. § 1226(a) with additional safeguards. ECF No. 10. Petitioner did not explain why § 1226(a), and not § 1226(c), governs his detention.

## II.      Applicable Detention Statute

The statutory and regulatory framework governing immigration detention is complex. "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

Respondent asserts that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A). That provision states that "[t]he Attorney General shall take into custody any alien who . . . is inadmissible *by reason of having committed any offense covered in section 1182(a)(2) of this title*[.]" 8 U.S.C. § 1226(c)(1)(A) (emphasis added). Officials did not charge petitioner as inadmissible for having committed a § 1182(a)(2) offense. Instead, they charged him under two different provisions, 8 U.S.C. §§ 1227(a)(1)(B) and 1227(a)(1)(E)(i), neither of which triggers mandatory detention under § 1226(c). See 8 U.S.C. § 1226(c)(1)(A)-(E).

After the matter was submitted, the undersigned ordered the parties to file supplemental briefs addressing two questions:

(1) Whether an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) is a prerequisite to detention under 8 U.S.C. § 1226(c)(1)(A); and

(2) The basis for Respondent's assertion that Petitioner's conviction under Texas Penal Code § 20.05(b) falls under 8 U.S.C. § 1182(a)(2)(H), including whether and how the categorical and modified categorical approaches apply to this determination.[2]

---

[2] Under the categorical approach, a court reviews only the fact of conviction and the statutory definition of the offense to compare the elements of the crime of conviction with a "federal

3

ECF No. 11.  Regarding the first question, respondent responded that "the plain language of 8 USC § 1226(c)(1)(A) appears to indicate that an administrative charge under 8 USC § 1182(a)(2) is required . . ."  ECF No. 12 at 2.  Petitioner agreed that persons eligible for deportation based on violations of 8 U.S.C. §§ 1227(a)(1)(B) and 1227(a)(1)(E)(i), like petitioner, are not subject to mandatory detention under 8 U.S.C. § 1226(c)(1).  ECF No. 13 at 2.

Having reviewed the parties' submissions, the undersigned finds that the plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as prerequisite to mandatory detention under that provision.  Respondent did not put forth any authority, and the undersigned is not aware of any, that would permit immigration officials to detain noncitizens under § 1226(c)(1)(A) without previously having issued an administrative charge pursuant to § 1182(a)(2).  For this reason alone, the undersigned is unpersuaded that petitioner is subject to mandatory detention.

As to the second question, respondent points the Court to Fuentes-Cruz v. Gonzalez, 489 F.3d 724, 727 (5th Cir. 2007), where the Fifth Circuit Court of Appeals, utilizing the categorical approach, upheld the BIA's ruling that a conviction under Texas Penal Code § 20.05 was a crime involving moral turpitude under 1182(a)(2)(A)(i).  ECF No. 12 at 2.  The Fifth Circuit's holding turned on § 20.05's requirement that a defendant intend to "transport individuals so as to conceal them from law enforcement authorities," which the Court determined was an "element of intentional deception."  Fuentes-Cruz, 489 F.3d at 726.

Fuentes-Cruz is inapplicable to the instant case for multiple reasons.  First and foremost, immigration officials charged Fuentes-Cruz as inadmissible under 8 U.S.C. § 1227(a)(2)(A)(i)(I) for having been convicted of a crime of moral turpitude.[3]  Fuentes-Cruz, 489 F.3d at 726.  In

definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition."  United States v. Gonzalez–Aparicio, 663 F.3d 419, 425 (9th Cir. 2011) (internal quotation marks omitted).  In the event the statute of the conviction is overbroad, a court may go beyond the mere fact of conviction and apply the modified categorical approach to "determine if the record unequivocally establishes that the defendant was convicted of the generally defined crime, even if the statute defining the crime is overly inclusive."  Lara–Chacon v. Ashcroft, 345 F.3d 1148, 1153 (9th Cir. 2003) (internal quotation marks omitted).

[3]  Section § 1227(a)(2)(A)(i) makes deportable any noncitizen who "(I) is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of an alien

other words, Fuentes-Cruz did not involve the situation here where the administrative charges are untethered to the crime that purportedly serves as the predicate for mandatory detention.

Second, the Fifth Circuit's categorical approach analysis is unpersuasive because Texas Penal Code § 20.05 changed significantly between the time Fuentes-Cruz was decided in 2007 and petitioner's conviction in 2023.  The version discussed in Fuentes-Cruz was titled "Unlawful Transport" and required an intent to "conceal" individuals from law enforcement authorities:

> (a) A person commits an offense if the person for pecuniary benefit transports an individual in a manner that:
>
> > (1) is designed to conceal the individual from local, state, or federal law enforcement authorities; and
> >
> > (2) creates a substantial likelihood that the individual will suffer serious bodily injury or death.

Tex. Penal Code § 20.05(a) (eff. Sept. 1, 1999, to Aug. 31, 2011).  But by the time of petitioner's arrest in February 2023, the statute was renamed "Smuggling of Persons" and required either an intent to "conceal" or an intent "flee" law enforcement:

> (a) A person commits an offense if the person knowingly:
>
> > (1) uses a motor vehicle, aircraft, watercraft, or other means of conveyance to transport an individual with the intent to:
> >
> > > (A) conceal the individual from a peace officer or special investigator; or
> > >
> > > (B) flee from a person the actor knows is a peace officer or special investigator attempting to lawfully arrest or detain the actor[.]

Tex. Penal Code § 20.05(a) (eff. Sept. 1, 2021, to Feb. 5, 2024).  Because the subsequent expansion of § 20.05 would likely affect the Fuentes-Cruz Court's analysis, the undersigned finds the decision carries little weight as to whether the version of § 20.05 in place at the time of petitioner's arrest constitutes a crime of moral turpitude under the categorical approach.

////

---

provided lawful permanent resident status under section 1255(j) of this title) after the date of admission; and (II) is convicted of a crime for which a sentence of one year or longer may be imposed[.]"  Section 1227(a)(2)(A)(i)(I) is a charge that triggers mandatory detention under § 1226(c).  See 8 U.S.C. § 1226(c)(1)(C).

5

However, respondent persuasively argues that the categorical approach is not required to determine whether petitioner committed an offense under 8 U.S.C. § 1182(a)(2)(H)(i).  ECF No. 12 at 2.  Respondent relies on Barraza v. Bondi, No. 23-1874, 2025 WL 3470029 (9th Cir. Dec. 3, 2025), where the Ninth Circuit observed that a person is inadmissible under the plain language of § 1182(a)(2)(H)(i) for "having committed human trafficking, not for having been convicted of it." 2025 WL 3470029 at *1.  The undersigned agrees that § 1182(a)(2)(H), unlike 8 U.S.C. § 1227(a)(2)(A)(i)(I), does not require a conviction that would necessitate the categorical approach analysis.  But unlike petitioner here, the petitioner in Barraza was charged as inadmissible by reason of having committed human trafficking under § 1182(a)(2)(H)(i).  Id.  Thus, even assuming that petitioner "committed" a human trafficking offense under § 1182(a)(2)(H)(i), respondent still has not satisfied the § 1226(c)(1)(A) prerequisite that he be inadmissible "by reason of having committed" that offense.

Accordingly, based on plain language of § 1226(c)(1)(A), the undersigned is unpersuaded that petitioner is subject to mandatory detention under that provision.  Instead, the undersigned concludes that petitioner is subject to detention under § 1226(a), which "sets out the 'default rule' for noncitizens already present in the country." Lepe v. Andrews, 801 F. Supp. 3d 1104, 1111 (E.D. Cal. 2025) (quoting Jennings v. Rodriguez, 583 U.S. 281, 289 (2018)); see also Hernandez Burruel v. Murray, No. 1:25-cv-1569 DAD AC, 2025 WL 3240356, *2 (E.D. Cal. Nov. 20, 2025) (applying § 1226(a) to noncitizen detained several years after overstaying tourist visa).

### III.    Due Process Analysis

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law.  U.S. Const. amend. V.  The Supreme Court has concluded that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

Having determined that petitioner is detained under § 1226(a), the undersigned concludes

////

////

6

that his four-month detention without a bond hearing violates due process.[4]  See Feng v. Lyons, No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (finding a "lengthy [five-month] delay in providing the statutorily mandated bond hearing violates Petitioner's due process rights"); Otero ex rel. Caicedo-Ruiz v. Kaiser, No. 25-cv-6536 NC, 2025 WL 3301056, at *8 (N.D. Cal. Nov. 26, 2025) ("It follows that Caicedo-Ruiz was and is subjected to § 1226(a) . . . and therefore is protected by the Due Process rights created by § 1226(a).").  Section 1226(a) expressly authorizes release on bond and its authorizing regulations provide for IJs to convene bond hearings.  After arresting a noncitizen, the government "may continue to detain the arreste[e]" until a final removal decision is made or "may release" them on "bond" or "conditional parole."  8 U.S.C. § 1226(a)(1)–(2).  If a noncitizen wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge.  8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).

"'[F]reedom from imprisonment . . . lies at the heart of the liberty [the Due Process Clause] protects.'"  Zadvydas, 533 U.S. at 690.  The appropriate remedy to secure this interest is not immediate release but a bond hearing before an IJ pursuant to the § 1226(a) procedures.  See Singh v. Bondi, No. 1:26-cv-0789 DAD CKD, 2026 WL 320449, at *1 (E.D. Cal. Feb. 6, 2026) (ordering a bond hearing where petitioner clarified in supplemental briefing that he had no prior release on his own recognizance); but see Feng, 2026 WL 472635, at *1 ("The Government has made a unilateral determination that individuals such as Petitioner are not entitled to a bond hearing, denying them the process they are due under section 1226(a) . . . . Provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right.").

In the event the Court orders a bond hearing, respondents ask that petitioner bear the burden of proof.  ECF No. 9 at 7-8 (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1212 (9th

---

[4]  The undersigned agrees with respondent that petitioner's roughly four-month detention is not prolonged.  ECF No. 9 at 5-6.  But the framing of petitioner's due process claim as a challenge to his "ongoing prolonged detention without hearing," ECF No. 1 at 2, ¶ 3, is due to the nature of the form petition he used.  The undersigned must "construe habeas petitions liberally," Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003), and will not penalize petitioner for filing his pro se petition on a form that does not fully reflect the technical circumstances of his detention.

Cir. 2022)).  But in Rodriguez Diaz, the Ninth Circuit upheld the facial constitutionality of § 1226(a)'s burden of proof because of its vast procedural protections and expressly noted that the petitioner there was "subject to § 1226(a) and its bond determination processes from the onset of his detention."  Rodriguez Diaz, 53 F.4th at 1211.  By contrast, petitioner here was erroneously detained for four months under § 1226(c), which "on its face offers no opportunity for release on bond," id. at 1197, and transported to six different immigration detention facilities across the United States since his initial detention in Florida.  See ECF No. 1 at 6; ECF No. 10 at 4.  Given petitioner's weighty liberty interest and the lengthy deprivation of his § 1226(a) procedural rights, the undersigned finds that due process requires the government to bear the burden of proof.  See Velasquez Salazar v. Dedos, 806 F. Supp. 3d 1231, 1246 (D.N.M. 2025) (ordering § 1226(a) hearing and shifting burden to government where petitioner was unlawfully subject to mandatory detention for three months).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.      The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.      Respondents be ordered to provide petitioner a bond hearing before an Immigration Judge within seven (7) days of the adoption of the findings and recommendations where they would bear the burden of demonstrating that petitioner's detention is warranted based on his risk of flight or danger to the community.

3.      Respondent be further directed to file a notice certifying compliance with the above provision within seven (7) days from the date of the bond hearing that indicates the outcome of the hearing.

4.      If petitioner is granted release on bond, respondents shall return all of petitioner's documents and possessions at the time of release.

5.      Judgement be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with

8

the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 3, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

9